IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

1. TYRONE TREAT, an individual, )
)
Plaintiff, )
vs. ) Case No. 17-CV-467-CVE-FHM
)
1. TIC-THE INDUSTRIAL COMPANY, )
a foreign for profit business corporation, )
) JURY TRIAL DEMANDED
Defendant. ) ATTORNEY LIEN CLAIMED FOR
) THE FIRM

## COMPLAINT

**COMES NOW,** the Plaintiff, Tyrone Treat ("Plaintiff"), through his attorney of record, Charles C. Vaught of Armstrong & Vaught, P.L.C. and brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, *et seq.* for racial discrimination and retaliation committed by Defendant.

### JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and

1

28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is, and was at all times relevant hereto, a resident of the State of Oklahoma, residing in Tulsa, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Pryor Creek, Mayes County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on June 15, 2017 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).

8. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was a private employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e (f), in that he was employed by an employer.

## OPERATIVE FACTS

10. Plaintiff is a member of a protected class, to wit: African American.

11. Plaintiff was hired by TIC-The Industrial Company, as a general laborer, in May of 2016.

12. During Plaintiff's employment, he was subjected to disparate treatment. Examples of the disparate treatment are as follows:

a. Plaintiff would regularly be disciplined for the same things that his non-African American co-workers did, but were not disciplined.

b. Plaintiff was required to do the jobs of a co-worker, who was a Native American female. When Plaintiff asked his foreman, Santos Cruz, why he was required to do this employee's work, he would state that "We Navajo stick together."

c. Mr. Cruz, would reassign Plaintiff from tasks that he was completing, which would permit him to learn new skills, and move up through the apprenticeship, and assign the Native American female into that position instead. This would leave Plaintiff sweeping around the work area instead.

d. Mr. Cruz, would send Plaintiff to the tool room to obtain equipment for the welders and would then proceed to make negative remarks about how much time it took Plaintiff to obtain the equipment. Mr. Cruz did not make similar comments about the Native American female, even though she took as long, or longer, as Plaintiff to accomplish the tasks.

e. Mr. Cruz, would yell at Plaintiff for standing around, but did not do the same to the Native American female, even though she was standing right next to Mr. Cruz and was not working.

f. Plaintiff's duties required him to do work which was assigned to him by any of the craftspeople above him, which included iron workers and welders. If one of the craftspeople asked Plaintiff to do something for them, Mr. Cruz, would yell at Plaintiff for being in the wrong area because he had stopped pushing a broom to complete an assignment requested by one of the craftspeople.

13. On July 22, 2016, Mr. Cruz, instructed Plaintiff to place safety netting on a staircase to block it off so as to permit work to be completed in that area. Plaintiff advised Mr. Cruz that he did not believe it was safe to block off the area as he had been instructed to do and advised Mr. Cruz that he was going to ask a safety person how to properly block off that area. Subsequently, Plaintiff spoke to Sammy Peeples, a member of the safety team, about how he had been instructed to block off the staircase and was informed that Mr. Cruz was incorrect in how he had instructed Plaintiff to perform that task.

14. Mr. Cruz then pulled Plaintiff aside and told him that he was a "low life nigger, piece of shit." Benny Turner and Austin LNU overheard this conversation.

15. Plaintiff immediately told Mr. Cruz that he wanted to speak to Rob Vanhatten, the Superintendent, about Mr. Cruz's comment. Mr. Cruz radioed for another foreman, Benjamin Thompson, to escort Plainitff to Mr. Vanhatten's office. During their meeting, Plaintiff informed Mr. Vanhatten what Mr. Cruz had asked him to do to block off the staircase, that he had asked for guidance from a member of the safety team and that Mr. Cruz had called him a "low life nigger piece of shit" for doing so. Mr. Vanhatten proceeded to call Plaintiff a liar and instructed him to stay in his office while he went to speak to someone.

16. When Mr. Vanhatten returned to his office, he asked Plaintiff to sign termination papers, which he refused to do. When Plaintiff asked why he was being terminated, Mr. Vanhatten informed him that Plaintiff was "unfit" for the job and he was letting him go. When Plaintiff asked Mr. Vanhatten why he believed that Plaintiff was "unfit" he informed Plaintiff that he had been asked to put on gloves as he was in a designated area, but had failed to do so. This was a false allegation as Plaintiff was never instructed by anyone to put gloves on while he was in a designated area.

17. Mr. Vanhatten then contacted Ben Thompson to gather Plaintiff's things and escort him off the property. While Plaintiff was waiting in the parking lot for his father to pick him up, Mr. Vanhatten approached Plaintiff and stated, "you're not going to cause a problem, are you?" Plaintiff's father advised him to walk up the road and wait for him there, which Plaintiff did.

18. In the next few days, Plaintiff contacted the Human Resource department in Denver, Colorado and reported all of the events which occurred on July 22, 2016, including the fact that he was called a "low life nigger" by Mr. Cruz and his termination for supposedly violating a safety policy. Barbara LNU, the H.R. Manager that Plaintiff spoke with, informed Plaintiff that he should have been provided a formal meeting with the safety committee regarding the alleged safety violation, as required by policy, which did not occur. Barbara also informed Plaintiff that they would put a team together to investigate the events of July 22, 2016. Subsequently, Plaintiff spoke with Allen LNU via telephone regarding what happened, but never received further information.

19. Plaintiff believes that he was discriminated against on the basis of his race, to wit, African American, in violation of Title VII of the Civil Rights Act of 1964.

20. Plaintiff believes that he was retaliated against for his complaint of disparate treatment to Rob Vanhatten, in violation of Title VII of the Civil Rights Act of 1964.

### FIRST CLAIM
(Race Discrimination in Violation of Title VII)

21. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

22. This claim is made against Defendant, TIC-The Industrial Company.

23. That, as a member of a protected class, to wit: African American, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

24. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of his race, to wit: African American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

25. That Plaintiff was unfairly treated and that the motivating reason for this treatment is based on his race, to wit: African American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

26. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

27. That the conduct complained of constitutes illegal race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

### SECOND CLAIM
**(Retaliation in Violation of Title VII)**

28. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

29. This claim is made against Defendant, TIC-The Industrial Company.

30. Plaintiff followed the proper procedures as an employee of Defendant in exercising his federally protected right to complain of the disparate treatment he was subjected to as an employee in Defendant's employ

31. Plaintiff reported the discrimination he was subjected to as an employee of Defendant to the Superintendent, Rob Vanhatten.

32. As a direct result of Plaintiff's complaint, Defendant altered the terms, conditions and/or privileges of his employment by, among other retaliatory acts, terminating his employment.

33. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising his federally protected right to report the disparate treatment he was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: _s/ Charles C. Vaught_
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***

7

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

**To:** Tyrone M. Treat
1749 S Elliott, Apt 1
Pryor, OK 74361

**From:** Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2016-01436 | Donna G. Noel, Investigator | (405) 231-4361 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Donna D. Noel*
Holly Waldron Cole,
Area Office Director

June 15, 2017
*(Date Mailed)*

Enclosures(s)

cc: Jeremy Stewart
Assistant General Counsel
KIEWIT CORP.
3555 Farnam Street
Omaha, NE 68131

RECEIVED

**EXHIBIT A**